**SO ORDERED.**

**SIGNED this 10 day of January, 2011.**

_____
                                        Stephani W. Humrickhouse
                                      United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **MURIEL WHITTED GILCHRIST** | **10-02851-8-SWH** |
|       **DEBTOR** | |

### ORDER REGARDING MOTION FOR VALUATION

The matter before the court is the debtor's motion to value collateral and/or to determine status of claim. A hearing was held in Raleigh, North Carolina, on September 22, 2010.

Muriel Whitted Gilchrist filed a chapter 13 petition on April 12, 2010. LVNV Funding ("LVNV") was listed as a general unsecured creditor on the debtor's schedules. On June 24, 2010, the chapter 13 trustee filed a motion for confirmation of plan. The plan did not treat LVNV as a secured creditor, but did contain provisions for the treatment of general unsecured claims. There is no dispute concerning LVNV's receipt of notice of the bankruptcy and the chapter 13 plan. No objections to the confirmation of the plan were filed and an order confirming it was entered on July 22, 2010.

On August 10, 2010, LVNV timely filed a proof of claim asserting that it had a secured claim against the debtor in the amount of $8,383.23 by virtue of a recorded judgment, a copy of which was

attached to the claim. It is undisputed that at the time of and since the docketing of the judgment, the debtor did not and has not owned any real property. The debtor seeks an order determining that the LVNV claim is unsecured "by virtue of the application of 11 U.S.C. § 506(a)," and that no objection to the claim pursuant to § 502(b) is appropriate or necessary. LVNV was served with a copy of the debtor's motion, but did not file a response.

At issue here is not only a determination of LVNV's claim, but the proper procedure for bringing the matter before the court.

## Discussion

The debtor seeks a determination of the status of LVNV's claim and a valuation of its collateral and, as such, her request constitutes a motion pursuant to § 506(a). Section 506(a)(1) provides:

> [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

Bankruptcy Rule 3012 provides that a request for a determination of the value of a claim secured by estate property should be made by motion. Contrary to debtor's counsel's position during the hearing, there is a clear requirement that a debtor take some affirmative step to avoid a lien, whether by motion pursuant to Rule 3012 or otherwise. See In re Therneau, 214 B.R. 782, 784 (Bankr. E.D.N.C. 1997).

The proof of claim filed by LVNV asserts that the claim is secured by virtue of the judgment attached thereto. However, pursuant to North Carolina General Statute § 1-234, a judgment becomes a lien against real property only upon docketing in the county in which real property owned

by the judgment debtor is situated. There is no evidence, in the schedules or otherwise, that the debtor owns any real property to which the judgment could attach. Similarly, there is no evidence of a levy by LVNV on any personal property owned by the debtor. The amount of LVNV's claim is uncontroverted. The court can determine that the value of the "collateral" securing LVNV's claim is $0, resulting in an unsecured claim in the amount of $8,383.23.

Although the court can determine this matter on the basis of a valuation of collateral under § 506(a), there is a more appropriate procedure for determining the status of LVNV's claim in this case. The debtor's challenge to LVNV's secured claim really attacks the <u>validity</u> of the security, rather than its <u>value</u>. Therefore, as is more fully set forth below, an objection to claim pursuant to § 502(b) would be the best method for disputing LVNV's secured status.

Section 502(a) provides that a proof of claim filed under § 501 is deemed allowed unless an objection is filed. Section 502(b) provides that if an objection is filed, the court, after notice and a hearing, shall determine the "amount of such claim." Rule 3001 of the Federal Rules of Bankruptcy Procedure sets forth the required contents of a proof of claim and provides that if a proof of claim is executed and filed in accordance with the rule, it "shall constitute <u>prima facie</u> evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

LVNV's proof of claim complies with Rule 3001 and should therefore be accorded <u>prima facie</u> evidentiary effect as to its "validity and amount." The debtor does not contest the amount of the claim. She does, however, contest whether the claim is a valid <u>secured</u> claim. Reading § 502(b) together with Rule 3001(f), some action must be taken to avoid the evidentiary effect given to the properly filed proof of claim. Absent such action, the claim would be deemed allowed as filed, i.e., as a valid secured claim in the amount of $8,383.23. It is, therefore, appropriate in this context to

challenge the validity of the secured status of a claim by filing an objection to that effect under § 502(b). In re Blue Water Land Development, LLC, Case No. 08-00842-8-JRL (Bankr. E.D.N.C. Oct. 21, 2008) (holding that although Rule 3007 precludes a party from using an objection to claim to raise issues that must be brought by adversary proceeding, a debtor need not bring an adversary proceeding to object to the validity of a lien when responding to a creditor's proof of claim). See also 10 Collier on Bankruptcy ¶ 7001.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007); In re Petroff, 2006 WL2818307 (Bankr. D. Md. 2006); In re Merry-Go-Round Enters, Inc., 227 B.R. 775 (Bankr D. Md. 1998); Therneau, 214 B.R. at 785. If the objecting party establishes a colorable challenge to the claim, "the burden shifts back to the claimant to prove the claim's validity." In re Law Developers, LLC, Case No. 08-00965-8-JRL (Bankr. E.D.N.C. June 24, 2008) (citing In re Southeastern Chem. Corp., 2007 Bankr. LEXIS 2136 (Bankr. M.D.N.C. June 19, 2007) (noting that ultimate burden of proof lies with creditor). LVNV has presented no evidence in response to the debtor's challenge and, failing such proof, an objection pursuant to § 502(b) would have been upheld.

## Conclusion

In conclusion, the debtor chose to use § 506 to contest the secured status of LVNV's claim, and although that method may not have been the most appropriate one, the debtor's motion gave clear and adequate notice of the substance of her challenge and the motion will, therefore, be allowed. LVNV's claim shall be allowed as unsecured in the amount of $8,383.23. The debtor

could have more appropriately proceeded pursuant to § 502(b) to object to LVNV's claim with the same outcome.[1]

**SO ORDERED**.

**END OF DOCUMENT**

---

[1] Although not mandatory, the debtor also could have initiated an adversary proceeding to determine the validity of LVNV's security interest. Fed. R. Bankr. P. 7001(2).